IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**MICHAEL J. BAZEMORE,**

                  **Plaintiff,**

v.                                                          1:05-cv-1850-WSD-WEJ

**GEORGIA TECHNOLOGY AUTHORITY et al.,**

                  **Defendant.**

## OPINION AND ORDER

This is an action filed by Plaintiff Michael J. Bazemore ("Plaintiff") against his former supervisors and former employer, Defendant Georgia Technology Authority ("GTA") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). It is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [59] on Defendants' Motion for Summary Judgment ("Def. MSJ") [32], [33].

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. The Court has reviewed the remainder of the Magistrate Judge's Report and

Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  The parties do not object to the Magistrate Judge's findings of fact in the Report and Recommendation and, finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.

## I.      BACKGROUND

### A.      Procedural History

Plaintiff, a black male, filed his Complaint on July 13, 2005, alleging that Defendants discriminated against him because of his race and sex and retaliated against him in violation of Title VII.  Plaintiff also alleged that his former supervisors, Defendants Thomas Riddell and Renee Herr, discriminated against him in violation the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981, and are consequently liable in their individual capacities under 42 U.S.C. § 1983.  Plaintiff also alleged that Herr and Riddell retaliated against him for complaining about racially discriminatory practices.

On July 17, 2006, Defendants filed their Motions for Summary Judgment.  In response, Plaintiff voluntarily dismissed all claims against Herr and all race and sex discrimination claims against GTA and Riddell.  Plaintiff's only remaining

claim, therefore, is that GTA and Riddell retaliated against him for his opposition to race and sex discrimination.

On February 14, 2007, Magistrate Judge Johnson issued his Report and Recommendation, recommending the Court grant summary judgment for Defendant on Plaintiff's remaining retaliation claim. On February 26, 2007, Plaintiff filed his Objections to the R&R. (Pl. Obj. [60].) On March 15, 2007, Defendants filed their Response to Plaintiff's Objections. (Def. Resp. to Obj. [61].)

## II. DISCUSSION

### A. The Magistrate Judge's R&R

The Magistrate Judge concluded that Plaintiff failed to establish a *prima facie* case of retaliation. The Magistrate held that Plaintiff failed to satisfy two of the three elements required for a *prima facie* case of retaliation–that Plaintiff engaged in statutorily protected expression and that a causal connection existed between Plaintiff's complaint on October 27, 2004 and his termination on November 3, 2004. (R&R, at 42.) The Magistrate Judge reasoned that Plaintiff did not establish that he had engaged in statutorily protected expression when he complained of discrimination in an e-mail. The Magistrate Judge found Plaintiff

could not show that he had a "good faith, reasonable belief" that Defendants had engaged in unlawful employment practices. Plaintiff's belief was not objectively reasonable because the Performance Improvement Discussion ("PID") that Riddell administered to Plaintiff was not an adverse employment action, and Plaintiff's proffered comparator, Janie Halaschek, was not similarly situated to Plaintiff.

The Magistrate Judge further held that Plaintiff failed to show a causal connection between his alleged protected activity and his termination because Plaintiff's intervening behavior broke any causal chain that existed. (R&R, at 42-43.) The Magistrate Judge also found that even if Plaintiff could make a *prima facie* case, he cannot show that Defendant's reasons for his termination were pretextual. (R&R, at 53.) The Magistrate Judge therefore recommended that Defendants' Motions for Summary Judgment be granted.

B.   Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not demonstrate a *prima facie* case of retaliation because Plaintiff: (1) did not engage in statutorily protected expression; and (2) failed to show a causal connection between his expression and his termination. Plaintiff also objects to the Magistrate

Judge's conclusion that Plaintiff did not show that Defendants' proffered legitimate, nondiscriminatory reasons for terminating Plaintiff were pretextual.

### 1. *Prima Facie Case of Retaliation*

<u>McDonnell Douglas Corp. v. Green</u> sets forth the burdens of proof that must be met for a Plaintiff to establish a retaliation claim under Title VII:  1) plaintiff has the burden of proving a *prima facie* case of retaliation; 2) if plaintiff succeeds in proving the *prima facie* case, the burden shifts to defendant to articulate some legitimate, non-discriminatory reason for the action taken against the employee; and 3) if the defendant succeeds in showing a legitimate, non-discriminatory reason for the adverse action, the plaintiff must show that the legitimate reason offered by the defendant was a pretext for discrimination.  <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973).

To establish a *prima facie* case of retaliation, Plaintiff must demonstrate that: 1) he engaged in statutorily protected activity; 2) he suffered an adverse employment action; and 3) the protected activity was causally related to the adverse employment action.  <u>Gregory v. Ga. Dept. of Human Res.</u>, 355 F.3d 1277, 1279 (11th Cir. 2004).  To establish the first element–that Plaintiff engaged in a statutorily protected activity–Plaintiff must show that he "had a good faith,

reasonable belief that the employer was engaged in unlawful employment practices." Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311-12 (11th Cir. 2002). Plaintiff must establish not only that he subjectively believed his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable. Id. at 1312.

Plaintiff objects to the Magistrate Judge's conclusion that his belief that the employer was discriminating against him was not objectively reasonable.[1] (Pl. Obj., at 3.) The Magistrate Judge found that Plaintiff's belief did not meet this test because Riddell's original discipline of Plaintiff about which he complained–the

---

[1] To determine whether Plaintiff's belief was objectively reasonable, the Court must analyze, under substantive law, whether Defendants actually engaged in an unlawful employment practice by disciplining him more severely than Ms. Halaschek. See R&R, at 30; Clover v. Total Sys. Servs., 176 F.3d 1346, 1351 (11th Cir. 1999). Plaintiff may establish a *prima facie* case of discrimination by showing that: 1) he is a member of a protected class; 2) he was subject to an adverse employment action; 3) he was qualified for the position held; 4) and he was replaced by, or treated less favorably than, someone similarly situated outside of his protected class. Wilson v. B/E Aerospace, Inc. 376 F.3d 1079, 1087 (11th Cir. 2004); Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003). The Magistrate found that Plaintiff's belief was not objectively reasonable because the PID was not an adverse employment action, and there was no evidence that he was treated less favorably than a similarly situated person outside his class. The Magistrate held that even though Plaintiff need not factually establish discrimination to show his belief was objectively reasonable, Plaintiff's evidence of discrimination "misses the mark by a country mile." (R&R, at 41) (citing Clover, 176 F.3d at 1351.)

February 3, 2004 Performance Improvement Discussion–was not an adverse employment action, and that Plaintiff and Ms. Halaschek, the white female employee whom Plaintiff claimed received treatment more favorable than him, were not similarly situated.  The Court agrees with the Magistrate Judge.

Plaintiff argues that the PID he received criticizing his performance was actually an adverse employment action.  He argues that the Magistrate Judge misconstrued Davis v. Town of Lake Park, Fla., 245 F.3d 1232 (11th Cir. 2001), in finding that the PID was not an adverse action.  Plaintiff's arguments are unconvincing.  Under GTA's Discipline Without Punishment Policy, a PID is a "structured discussion[] that enable[s] the supervisor to inform an employee about a need for the correction of a problem in the areas of performance attendance or conduct/safety."  (Ex. 11 to Def. Statement of Material Facts [33], at 2.)  It is not a part of the formal disciplinary process, and there is no requirement that an employee receive a PID before receiving more formal disciplinary action.  Moreover, no formal discipline is triggered by a PID.

The Magistrate Judge also properly applied Davis.  In Davis, the Eleventh Circuit held, in considering whether a particular performance criticism is adverse, that:

> Employer criticism, like employer praise, is an ordinary and appropriate feature of the workplace. Expanding the scope of Title VII to permit discrimination lawsuits predicated only on unwelcome day-to-day critiques and assertedly unjustified negative evaluations would threaten the flow of communication between employees and supervisors and limit an employer's ability to maintain and improve job performance.  Federal courts ought not be put in the position of monitoring and second-guessing the feedback that an employer gives, and should be encouraged to give, an employee.  Simply put, the loss of prestige or self-esteem felt by an employee who receives what he believes to be unwarranted job criticism or performance review will rarely--without more--establish the adverse action necessary to pursue a claim under Title VII's anti-discrimination clause.

Davis, 245 F.3d at 1243.  Plaintiff argues this reasoning does not apply here.  He contends that in Davis, the defendant did not terminate the plaintiff, thus rendering the potential harms of the memoranda "purely speculative," while in this case, Defendant actually terminated him.  This distinction is artificial and inconsistent with the Court's holding in Davis.  Although the Davis court noted, in finding no adverse employment action, that the plaintiff had not shown any tangible consequences from the memo, it further reasoned:

> In any event, this kind of allegation--that the employer's criticism or negative evaluation may affect the employee's prospects--does little to advance Davis's

> claim **even if true.**  Any job criticism or negative job
> review carries with it the possibility that the employee's
> future prospects may be prejudiced if that information is
> disclosed.  **A negative evaluation that otherwise would
> not be actionable will rarely, if ever, become
> actionable merely because the employee comes
> forward with evidence that his future prospects have
> been or will be hindered as a result.**

Id. (emphasis added).  Thus, Davis holds, and the record here indicates, that the PID was not part of the formal disciplinary process at GTA and did not constitute, by itself, an adverse employment action.

Even if the PID was an adverse employment action, Plaintiff's belief that he suffered discrimination is not objectively reasonable because the record is devoid of evidence that a similarly situated white woman was treated more favorably than Plaintiff.  Plaintiff argues that his and Ms. Halaschek's conduct at issue were "so similar in terms of 'quantity and quality' that no meaningful distinction can be drawn between them," and to treat them differently was discriminatory.  (Pl. Obj., at 9.)  The Court disagrees.

To demonstrate that another employee is similarly situated to the plaintiff, the Eleventh Circuit requires "that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employer's

reasonable decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1368-69 (11th Cir. 1999); see also Wilson, 376 F.3d at 1091 ("The plaintiff and the employee she identifies as a comparator must be similarly situated in all relevant respects. The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer.") (citations omitted).

The Court agrees with the Magistrate Judge that Plaintiff has substantially failed to show that he and Halaschek were similarly situated. Plaintiff argues that both he and Halaschek were involved in a single incident–Halaschek allegedly wasted another employee's time in her discussion just like Plaintiff, and both Plaintiff and Halaschek discussed an idea that had already been rejected. Plaintiff applies an unsupported and overly narrow standard to determine whether two employees are similarly situated. Plaintiff improperly focuses on only one incident. He is required to show that he and Halaschek are similarly situated "in all relevant respects," including Halaschek's past performance and disciplinary history. Plaintiff does not provide the information required. Indeed, the record indicates that Plaintiff, unlike Halaschek, had multiple disciplinary and performance problems, and thus his situation is dissimilar from Halaschek's.

Viewing the facts in the light most favorable to Plaintiff, there is simply no evidence that his performance problems and those of Halaschek are "nearly identical." In evaluating comparators, the Eleventh Circuit requires that the quantity and quality of their misconduct be "nearly identical" to prevent courts from second-guessing employers' reasonable decisions. The Court agrees with the Magistrate Judge that Plaintiff failed to identify an employee who was involved in or accused of the same or similar conduct but received more favorable treatment from Defendant. Plaintiff not only failed to establish that his termination was discriminatory–the complete lack of evidence makes Plaintiff's belief that he was being discriminated against objectively unreasonable. Plaintiff's objection to the Magistrate Judge's ruling on the issue of whether Plaintiff demonstrated a *prima facie* case of discrimination is overruled.[2]

---

[2] Because the Court finds that Plaintiff failed to establish a *prima facie* case of retaliation because he could not establish that he engaged in a protected activity, it is unnecessary to consider Plaintiff's objection to the Magistrate Judge's conclusion that Plaintiff did not establish the third element–that the protected activity was causally related to the adverse employment action. On this issue, the Court also agrees with the Magistrate Judge that Plaintiff did not establish a *prima facie* case because he failed to show a causal connection between the protected activity and his termination. To establish a causal connection, Plaintiff "need only show that the protected activity and the adverse action were not wholly unrelated." Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000). The Eleventh Circuit has held that a plaintiff satisfies the third element if he shows that

*2.     Pretext*

Plaintiff next objects to the Magistrate's determination that he did not establish pretext. "To survive summary judgment, the plaintiff must . . . present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext. Mere conclusory allegations and assertions will not suffice." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). To establish pretext, "the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Jackson v. Ala.

---

Defendant knew of the protected activity and "that there was a close temporal proximity between this awareness and the adverse action." Higdon v. Jackson, 393 F.3d 1211, 1220-21 (11th Cir. 2004). "[T]emporal proximity, standing alone [however], may not be sufficient to establish the causal link." Spence v. Panasonic Copier Co., 46 F. Supp. 2d 1340, 1348 (N.D. Ga. 1999). "[A]ny inference of retaliatory intent otherwise created by a short lapse of time can be dispelled when intervening factors are established." Wu v. Southeast-Atlantic Bev. Corp., 321 F. Supp. 2d 1317, 1337 (N.D. Ga. 2004); see also Spence, 46 F. Supp.2d at 1348. In this case, it is undisputed that, two days after sending the October 27 e-mail complaining of discrimination, Plaintiff sent e-mails indicating his refusal to meet with supervisors, and he severely upset a fellow employee during a telephone conversation. Viewed within the context of Plaintiff's history of poor performance and behavior, the Court agrees with the Magistrate Judge's conclusion that this conduct was an intervening act sufficient to break any causal connection.

-12-

State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir.1997)).

The Magistrate Judge found that Defendants offered three legitimate, nondiscriminatory reasons for Plaintiff's termination, which Plaintiff failed to discredit: (1) Riddell's decision to place Plaintiff on Decision Making Leave, the final step in GTA's disciplinary policy prior to termination, for sending inappropriate and unprofessional e-mails, walking out of a meeting, "chewing out" another colleague in front of other employees, failing to complete a task Riddell had assigned, and hanging up on Riddell during a phone conversation; (2) Plaintiff made severely upsetting phone calls to another employee such that the employee requested the remainder of the day off and complained to supervisors; and (3) Plaintiff sent e-mails stating that he would not meet with his supervisors until other HR issues had been resolved.  (R&R, at 45-46.)  The Magistrate Judge concluded that Plaintiff's evidence of pretext failed to cast sufficient doubt on Defendants' proffered reasons for Plaintiff's termination to permit a reasonable factfinder to conclude the employer meant to retaliate against Plaintiff for complaining about the alleged discrimination.

Plaintiff argues that he established pretext because: 1) he did not make harassing telephone calls to another employee; 2) Riddell was inconsistent in his testimony regarding the role Plaintiff's allegedly harassing calls played in Plaintiff's termination; 3) Plaintiff's e-mail refusing to attend a meeting with his supervisors simply meant that he could not attend a meeting that day because he was ill. The Court agrees with the Magistrate Judge that Plaintiff's claimed evidence does not establish pretext.

First, Plaintiff's own testimony that he did not make harassing and upsetting phone calls to another employee does not establish pretext. Even assuming Plaintiff's testimony is true, the record is undisputed that the employee was so upset by the phone calls that she requested the day off, blamed Plaintiff for making her upset, and informed her supervisors about the calls. (R&R, at 48.) Plaintiff argues, citing Damon v. Fleming Supermarkets, 196 F.3d 1354, 1363 (11th Cir. 1999), that he should be allowed to introduce evidence that he "did not violate the cited work rule." (Pl. Obj., at 14.) Damon is not applicable here. This is not a situation where Defendant could simply invent the accusation that Plaintiff violated a work rule–here another employee complained of Plaintiff's allegedly harassing behavior. The evidence is clear that regardless of what happened on the phone

call, Plaintiff's supervisors had a good faith, honest belief that Plaintiff had severely upset another employee.

Second, the alleged inconsistencies in Riddell's testimony regarding the reason for Plaintiff's termination are also insufficient to establish pretext. Plaintiff points out that Riddell testified that Plaintiff's behavior on October 29, 2004 where he hung up on a supervisor, upset a co-worker, and failed to attend a meeting, standing alone, are insufficient to justify termination, yet Crystal Armstrong testified that Plaintiff was terminated for that behavior. Riddell, however, testified that his decision was based upon Plaintiff's cumulative misconduct and performance deficiencies, in addition to his behavior on October 29, 2004. The Court sees no real inconsistency here, and certainly nothing sufficient to establish pretext in this case.

Plaintiff argues next that the Magistrate Judge improperly rejected Plaintiff's explanation for his October 29 e-mail refusing to meet with Herr and Riddell–that he only meant he could not meet that day because he was sick. Plaintiff argues that this invaded the province of the jury and improperly resolved an issue of disputed fact. (Pl. Obj., at 15.) Plaintiff misstates his burden to show pretext under McDonnell Douglas. The Court's task here is to evaluate whether Plaintiff has

-15-

demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.  Plaintiff has failed to do so here, and the Magistrate Judge properly found that Plaintiff's employer viewed Plaintiff's email as a refusal to meet with supervisors.  Plaintiff's objection on the issue of pretext is thus overruled.

### III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [59], and Defendant's Motions for Summary Judgment [32], [33] are **GRANTED**.

**SO ORDERED** this 23rd day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE